# United States District Court
## Western District Of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENED JUDGMENT IN A CRIMINAL CASE**<br>(for offenses committed on or after November 1, 1987)<br>**RULE 35b RE-SENTENCING** |
| V. | **Case Number:** 06-CR-059-S-01 |
| DENNIS L. DICKINSON | **Defendant's Attorney:** David Geier |

The defendant Dennis L. Dickinson pleaded guilty to Count 1 of the indictment.

Counts 2 and 3 of the indictment are dismissed without prejudice.

**ACCORDINGLY**, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute More Than 5 Grams of Cocaine Base (Crack Cocaine), a Schedule II Controlled Substance; a Class B felony | February 20, 2006 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.

**IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.**

| | | | |
|---|---|---|---|
| **Defendant's Date of Birth:** | August 29, 1972 | | March 25, 2008 |
| | | | Date of Imposition of Judgment |
| **Defendant's USM No.:** | 6115-090 | | |
| **Defendant's Residence Address:** | c/o Mildred Gray<br>1410 Lake Forest Drive<br>Flint, MI 48504 | | /s/ Barbara B. Crabb |
| **Defendant's Mailing Address:** | c/o Dane County Jail<br>115 W. Doty Street<br>Madison, WI 53703 | | Barbara B. Crabb<br>District Judge |
| | | | March 27, 2008 |
| | | | Date Signed: |

Case: 3:06-cr-00059-bbc   Document #: 38   Filed: 03/28/08   Page 2 of 6

AO 245 B (Rev. 7/93)(N.H. Rev.)     DEFENDANT: DENNIS L. DICKINSON     CASE NUMBER: **06-CR-059-S-01**     Amended Judgment - Page 2

# IMPRISONMENT

As to count one of the indictment, it is ordered that the judgment entered on June 9, 2006 is amended to provide that defendant is committed to the custody of the Bureau of Prisons for a term of 115 months.

In all other respects, the judgment remains as entered on June 9, 2006.

The Court recommends the defendant be afforded the opportunity to apply for a substance abuse treatment program while confined which does not include an early release.

It is further recommended that the defendant be afforded a prerelease placement in a residential reentry center with work release privileges but without home confinement during the final months of his confinement.

# RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

Deputy Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, defendant shall be on supervised release for a term of five years.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

Defendant shall also comply with the following special conditions:

(1)   Register with local law enforcement agencies and the state attorney general as directed by the supervising U.S. probation officer;

(2)   Submit his person, residence, office, or vehicle to a search, conducted by a U.S. probation officer at a reasonable time and in a reasonable manner when the probation officer has reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; defendant shall advise any other residents that the premises he is occupying may be subject to searches pursuant to this condition;

(3)   Abstain from the use of alcohol and illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. The defendant shall submit to drug testing beginning within 15 days of release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process;

(4)   Provide the supervising U.S. probation officer with any and all requested financial information; and

(5)   Participate in outpatient mental health counseling as directed by the supervising U.S. probation officer

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

Case: 3:06-cr-00059-bbc   Document #: 38   Filed: 03/28/08   Page 5 of 6

AO 245 B (Rev. 7/93)(N.H. Rev.)     DEFENDANT: DENNIS L. DICKINSON     CASE NUMBER: **06-CR-059-S-01**     Amended Judgment - Page 5

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
|  | $100.00 | $0.00 | $0.00 |
| **Total** | $100.00 | $0.00 | $0.00 |

Pursuant to 18 U.S.C. § 3013, defendant is ordered to pay a criminal assessment in the amount of $100.00. The criminal assessment is to be paid immediately to the Clerk of Court for the Western District of Wisconsin.

The defendant has neither the present means nor the earning capacity to pay a fine under § 5E1.2(c) without impairing his ability to support himself and his dependents upon release.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

        (1) assessment;
        (2) restitution;
        (3) fine principal;
        (4) cost of prosecution;
        (5) interest;
        (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment.